**POMERANTZ LLP**
Jennifer Pafiti
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (310) 285-5330
Email: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
C. Dov Berger
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       ahood@pomlaw.com
       cdberger@pomlaw.com

*Attorneys for Plaintiff*
*[Additional Counsel on signature page]*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE KLEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SILVER WHEATON CORP., RANDY V. J. SMALLWOOD, PETER BARNES, AND GARY BROWN,<br><br>Defendants | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Steve Klein ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Silver Wheaton Corp. ("SLW" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased or otherwise acquired the securities of SLW from March 30, 2011 to July 6, 2015, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws (the "Class").

2. SLW is a precious metal streaming company. In exchange for upfront payments, the Company purchases the by-product of silver or gold production of mines that SLW does not own or operate. SLW derives approximately 60% of its revenue from the sale of silver and 40% of its revenue from the sale of gold.

3. Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, prospects and performance. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) SLW's financial statements contained errors concerning income tax owed from the income generated by its foreign subsidiaries; (2) the Company lacked adequate internal controls over its financial reporting; and (3) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

4. On July 6, 2015, the Company issued a press release, announcing, among other things, that the Canada Revenue Agency ("CRA") is taking the position that the transfer pricing provisions of the Income Tax Act (Canada) relating to income earned by foreign subsidiaries outside of Canada should be applied such that SLW's taxable income should be increased approximately $567 million for the period between 2005 and 2010.

5. On this news, the Company's shares fell $2.08 per share or almost 12% to close at $15.46 per share on July 7, 2015.

6. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 8 240.10b-5).

8. This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

9. Venue is proper in this District pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1391(b), as the misleading statements entered into this District.

10. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

11. Plaintiff, as set forth in the attached Certification, acquired SLW securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

12. Defendant SLW provides precious metal streaming services. SLW is headquartered in Vancouver, British Columbia, Canada and trades on the NYSE under the ticker symbol "SLW."

13. Defendant Randy V. J. Smallwood ("Smallwood") has served as the Company's President since January 2010 and as Chief Executive Officer ("CEO") from April 11, 2011 to the present.

14. Defendant Peter Barnes ("Barnes") served as the Company's CEO from the beginning of the Class Period until his resignation effective April 11, 2011.

15. Defendant Gary Brown ("Brown") served as the Company's Chief Financial Officer ("CFO") throughout the entire Class Period.

16. The defendants referenced above in ¶¶ 13 – 15 are sometimes referred to herein as the "Individual Defendants."

17. Defendant SLW and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

18. SLW purchases the rights for all or a portion of silver and/or gold production from mines located in politically stable regions around the word such as Canada, Mexico, Portugal, Brazil, Peru, and Sweden. Currently, SLW has streaming agreements for 21 operating mines and 6 developmental stage projects.

### Materially False And Misleading Statements Issued During the Class Period

19. The Class Period starts on March 30, 2011, when the Company filed a Form 40-F for the fiscal year ended December 31, 2010 (the "2010 40-F") with the SEC, which provided the Company's year end financial results and position and stated that the

Company's internal control over financial reporting was effective as of December 31, 2010. The 2010 40-F was signed by Defendant Barnes. The 2010 40-F contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Barnes and Brown, which stated that the financial information contained in the 2010 40-F was accurate and disclosed any material changes to the Company's internal control over financial reporting.

20. On March 27, 2012, the Company filed a Form 40-F for the fiscal year ended December 31, 2011 (the "2011 40-F") with the SEC, which provided the Company's year end financial results and position and stated that the Company's internal control over financial reporting was effective as of December 31, 2011. The 2011 40-F was signed by Defendant Smallwood. The 2011 40-F contained signed SOX certifications by Defendants Smallwood and Brown, which stated that the financial information contained in the 2011 40-F was accurate and disclosed any material changes to the Company's internal control over financial reporting.

21. On April 2, 2013, the Company filed a Form 40-F for the fiscal year ended December 31, 2012 (the "2012 40-F") with the SEC, which provided the Company's year end financial results and position and stated that the Company's internal control over financial reporting was effective as of December 31, 2012. The 2012 40-F was signed by Defendant Smallwood. The 2012 40-F contained signed SOX certifications by Defendants Smallwood and Brown, which stated that the financial information contained

in the 2012 40-F was accurate and disclosed any material changes to the Company's internal control over financial reporting.

22.     On March 31, 2014, the Company filed a Form 40-F for the fiscal year ended December 31, 2013 (the "2013 40-F") with the SEC, which provided the Company's year end financial results and position and stated that the Company's internal control over financial reporting was effective as of December 31, 2013. The 2013 40-F was signed by Defendant Smallwood. The 2013 40-F contained signed SOX certifications by Defendants Smallwood and Brown, which stated that the financial information contained in the 2013 40-F was accurate and disclosed any material changes to the Company's internal control over financial reporting.

23.     On March 31, 2015, the Company filed a Form 40-F for the fiscal year ended December 31, 2014 (the "2014 40-F") with the SEC, which provided the Company's year end financial results and position and stated that the Company's internal control over financial reporting was effective as of December 31, 2014. The 2014 40-F was signed by Defendant Smallwood. The 2014 40-F contained signed SOX certifications by Defendants Smallwood and Brown, which stated that the financial information contained in the 2014 40-F was accurate and disclosed any material changes to the Company's internal control over financial reporting.

24.     The statements referenced in ¶¶ 19 – 23 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were

known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) SLW's financial statements contained errors concerning income tax owed from the income generated by its foreign subsidiaries; (2) the Company lacked adequate internal controls over its financial reporting; and (3) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

### The Truth Emerges

25.   On July 6, 2015, the Company issued a press release announcing that the CRA is proposing to reassess SLW under various rules under the Income Tax Act (Canada). CRA takes the position that SLW owes $567 million of taxes from the taxation years of 2005 to 2010 from income generated by SLW's foreign subsidies. The press release states in relevant part:

> VANCOUVER, July 6, 2015 /PRNewswire/ - Silver Wheaton Corp. ("Silver Wheaton" or the "Company") (SLW) (SLW) *announces that it has received a proposal letter dated July 6, 2015 (the "Proposal") from the Canada Revenue Agency (the "CRA") in which the CRA is proposing to reassess Silver Wheaton under various rules contained in the Income Tax Act (Canada).*
>
> *The Proposal outlines CRA's position that the transfer pricing provisions of the Income Tax Act (Canada) relating to income earned by our foreign subsidiaries outside of Canada should apply such that the income of Silver Wheaton subject to tax in Canada should be increased for the 2005 to 2010 taxation years (the "Relevant Taxation Years") by approximately Cdn$715 million (US$567 million).* The issuance of the

Proposal does not require the Company to pay any amount to the CRA at this time.

Management believes that the Company has filed its tax returns and paid applicable taxes in compliance with Canadian tax law. Silver Wheaton intends to vigorously defend its tax filing positions and is now in the process of preparing its response to the Proposal.

"We remain confident in our business structure which we believe is consistent with that typically used by Canadian companies, including Canadian streaming companies, that have international operations," said Randy Smallwood, President and Chief Executive Officer of Silver Wheaton.

"Generally a company is taxable in Canada on its income earned in Canada, while non-Canadian income earned by foreign subsidiaries is not subject to Canadian income tax. However, with this Proposal, the CRA is seeking to tax, within Canada, streaming income earned outside of Canada by our foreign subsidiaries related to mines located outside of Canada," added Smallwood.

Failing a resolution at the Proposal stage, the CRA may proceed to issue notices of reassessment for one or more of the Relevant Taxation Years. If the CRA reassesses Silver Wheaton on the basis outlined in the Proposal, and assuming that Silver Wheaton would be assessed taxes on the foreign subsidiaries' income on the same basis as its Canadian income, Silver Wheaton currently estimates on a preliminary basis that it would be subject to federal and provincial tax of approximately US$150 million in respect of the Relevant Taxation Years. The Proposal also indicates that the CRA is seeking to apply transfer pricing penalties of approximately Cdn$72 million (US$57 million) in respect of the Relevant Taxation Years. The Proposal does not indicate the amount of interest or other penalties in respect of the Relevant Taxation Years. Further, taxation years subsequent to 2010 remain open to audit by the CRA.

> Should Silver Wheaton receive a notice of reassessment from the CRA based upon the Proposal, we intend to file a notice of objection within the required 90 day period provided under the *Income Tax Act (Canada)*. In such a circumstance, Silver Wheaton would be required to pay 50% of the reassessed amount of tax, interest and penalties. This amount, plus interest, would be refunded if the Company were ultimately successful in challenging a reassessment. Any notice of objection would be reviewed by the CRA's Appeals Division. Silver Wheaton also has the right to appeal directly to the Tax Court of Canada 91 days after the date of filing of any notice of objection.
>
> The timing for the Proposal process, the CRA appeals process and/or court process (if necessary following the issuance by CRA of any notices of reassessment), is uncertain. Regardless of the timing, Silver Wheaton intends to vigorously defend its tax filing positions.
>
> (Emphasis added).

26. On this news, the Company's shares fell $2.08 per share or approximately 12% to close at $15.46 per share on July 7, 2015, damaging investors.

27. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired SLW securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant

times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

29. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, SLW securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by SLW or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

30. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

32. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of SLW;
- whether the Individual Defendants caused SLW to issue false and misleading financial statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;
- whether the prices of SLW securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

33. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

34. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;
- the omissions and misrepresentations were material;

- SLW securities are traded in an efficient market;
- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;
- the Company traded on the NYSE and was covered by multiple analysts;
- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and
- Plaintiff and members of the Class purchased, acquired and/or sold SLW securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

35. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

36. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**Violations of Section 10(b) of The Exchange Act and Rule 10b-5
Against All Defendants**

37. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

38. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

39. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of SLW securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire SLW securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

40. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for SLW securities. Such reports, filings, releases

and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about SLW's finances.

41. By virtue of their positions at SLW, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

42. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of SLW securities from their personal portfolios.

43. Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of SLW, the Individual Defendants had knowledge of the details of SLW's internal affairs.

44. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of

the statements of SLW. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to SLW's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of SLW securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning SLW's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired SLW securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

45. During the Class Period, SLW securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of SLW securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of SLW securities was substantially lower than the prices paid by Plaintiff and the other members

of the Class. The market price of SLW securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

46. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

47. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**Violations of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**

48. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. During the Class Period, the Individual Defendants participated in the operation and management of SLW, and conducted and participated, directly and indirectly, in the conduct of SLW's business affairs. Because of their senior positions, they knew the adverse non-public information about SLW's current financial position and future business prospects.

50. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to SLW's business practices, and to correct promptly any public statements issued by SLW which had become materially false or misleading.

51. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which SLW disseminated in the marketplace during the Class Period concerning the Company's business, operational and accounting policies. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause SLW to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of SLW within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of SLW securities.

52. Each of the Individual Defendants, therefore, acted as a controlling person of SLW. By reason of their senior management positions and/or being directors of SLW, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, SLW to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of SLW and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

53. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by SLW.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as her reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

# DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

DATED: July 9, 2015

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (310) 285-5330
Email: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
C. Dov Berger
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
           ahood@pomlaw.com
           cdberger@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com