David E. Bower SBN 119546
Email: dbower@faruqilaw.com
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimile: 424-256-2885

Richard W. Gonnello (*pro hac vice* forthcoming)
Email: rgonnello@faruqilaw.com
Megan M. Sullivan (*pro hac vice* forthcoming)
Email: msullivan@faruqilaw.com
Katherine M. Lenahan (*pro hac vice* forthcoming)
Email: klenahan@faruqilaw.com
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Proposed Lead Plaintiff Jack Theulen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS MASILIONIS, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SILVER WHEATON CORP., RANDY V.J. SMALLWOOD, PETER BARNES, AND GARY BROWN,<br><br>    Defendants. | Case No. 2:15-CV-05146 CAS(JEMx)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF JACK THEULEN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>**CLASS ACTION**<br><br>Judge: Hon. Christina A. Snyder<br>Hearing Date: October 19, 2015<br>Time: 10:00 A.M.<br>Courtroom: 5 – 2nd Floor |

*(captions continue on next page*

| | |
|---|---|
| STEVE KLEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SILVER WHEATON CORP., RANDY V.J. SMALLWOOD, PETER BARNES, AND GARY BROWN, <br><br> Defendants | Case No. CV15-05173 CAS (JEMx) |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................1

FACTUAL BACKGROUND ..................................................................................3

ARGUMENT .........................................................................................................4

I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL
      PURPOSES..................................................................................................4

II.   THEULEN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE
      CLASS .........................................................................................................6

      A.    The PSLRA's Provisions Concerning The Appointment Of A
            Lead Plaintiff .....................................................................................6

      B.    Under The PSLRA, Theulen Should Be Appointed Lead Plaintiff ......7

            1.    Theulen Filed a Timely Motion ...............................................7

            2.    Theulen Has the Largest Financial Interest in the Relief
                  Sought by the Class..................................................................8

            3.    Theulen Meets Rule 23's Typicality and Adequacy
                  Requirements ...........................................................................9

III.  THEULEN'S SELECTION OF THE FARUQI FIRM AS LEAD
      COUNSEL SHOULD BE APPROVED ....................................................11

CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*Andrade v. Am. Apparel*, Inc.,
    No. 10-06352 MMM (PJWx),
    2011 U.S. Dist. LEXIS 79795 (C.D. Cal. Mar. 15, 2011)...................................9

*Apple v. LJ Int'l, Inc.*,
    No. CV 07-6076 GAF,
    2008 U.S. Dist. LEXIS 12618 (C.D. Cal. Feb. 8, 2008) ...................................10

*Brown v. China Integrated Energy, Inc.*,
    No. CV 11-02559 MMM,
    2011 U.S. Dist. LEXIS 151131 (C.D. Cal. Aug. 29, 2011) ...........................4, 5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ....................................................................2, 6, 7, 9

*In re Countrywide Fin. Corp. Sec. Litig.*,
    273 F.R.D. 586 (C.D. Cal. 2009)......................................................................11

*Cunha v. Hansen Natural Corp.*,
    No. ED CV 08-01249-SGL(JCx),
    2009 U.S. Dist. LEXIS 61086 (C.D. Cal. July 13, 2009).....................................7

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ......................................................................10

*Feyko v. Yuhe Int'l Inc.*,
    No. CV 11-05511 DDP,
    2012 U.S. Dist. LEXIS 28040 (C.D. Cal. Mar. 2, 2012)...................................11

*In re Heritage Bond Litig.*,
    No. 02-ML-1475 DT,
    2004 U.S. Dist. LEXIS 15386 (C.D. Cal. July 12, 2004)...................................10

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
    No. 11 Civ. 0917 (BSJ) (JCF),
    2011 U.S. Dist. LEXIS 54939 (S.D.N.Y. May 19, 2011) .................................11

*McKinney v. Google, Inc.*,
    No. 5:10-CV-01177 EJD,
    2011 U.S. Dist. LEXIS 104547 (N.D. Cal. Sept. 15, 2011).................................4

*Pace v. Quintanilla*,
    No. SACV 14-2067-DOC,
    2014 U.S. Dist. LEXIS 116925 (C.D. Cal. Aug. 19, 2014) ...............................8

*Richardson v. TVIA, Inc.*,
    No. C-06-06304 RMW,
    2007 U.S. Dist. LEXIS 28406 (N.D. Cal. Apr. 16, 2007)................................8, 9

*Romero v. Growlife, Inc.*,
    No. 14-cv-3015-CAS(JEMx),
    2014 U.S. Dist. LEXIS 102875 (C.D. Cal. July 23, 2014) (Snyder, J.)............10

*Schriver v. Impac Mortg. Holdings, Inc.*,
    No. SACV 06-31 CJC (RNBx),
    2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) ................................6, 7

*Takara Trust v. Molex, Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005)........................................................................9

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) .............................................................5

*Tanne v. Autobytel, Inc.*,
    226 F.R.D. 659 (C.D. Cal. 2005) .....................................................................6

*Weisz v. Calpine Corp.*,
    No. C 02-1200 SBA,
    2002 U.S. Dist. LEXIS 27831 (N.D. Cal. Aug. 15, 2002) .................................5

*Woburn Ret. Sys. v. Omnivision Techs., Inc.,*
    No. 5:11-CV-05235-RMW,
    2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ........................5, 9, 10

*Yanek v. Staar Surgical Co.*,
    No. CV 04-8007 SJO,
    2004 U.S. Dist. LEXIS 30953 (C.D. Cal. Dec. 15, 2004)..................................4

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    No. 13-2370, 2015 U.S. App. LEXIS 4096 (4th Cir. Mar. 16, 2015)...............13

**Statutes**

15 U.S.C. §§ 78u-4(a) ......................................................................*passim*

iii

**Other Authorities**

Federal Rule of Civil Procedure 6(a)(1) ....................................................7

Rule 23(a)(4) .........................................................................10

Fed. R. Civ. P. 42(a).........................................................1, 4

Movant Jack Theulen ("Theulen"), on behalf of himself and the Class defined herein, respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of his motion for the entry of an order (1) consolidating the Actions (defined below) and any related actions that may be filed; (2) appointing Theulen as Lead Plaintiff for the Actions; and (3) approving Theulen's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending before this Court are two securities class actions (the "Actions")[1] brought on behalf of a putative class (the "Class") of investors who purchased or otherwise acquired the securities of Silver Wheaton Corp. ("SLW" or the "Company") between March 30, 2011 and July 6, 2015, inclusive (the "Class Period").

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).[2] Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The Actions may be consolidated as they allege violations of §§ 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission Rule 10b-5, promulgated thereunder. The Actions also allege substantially similar misconduct by the

---

[1]    The Actions are *Masilionis v. Silver Wheaton Corp., et al.* ("*Masilionis*"), No. 2:15-CV-05146 CAS(JEMx), and *Klein v. Silver Wheaton Corp.* ("*Klein*"), CV15-05173 CAS (JEMx).

[2]    All internal citations and quotations are omitted and all emphases are added unless otherwise noted.

1

Company, its President and Chief Executive Officer ("CEO") Randy V. J. Smallwood, its former CEO Peter Barnes, and its Chief Financial Officer Gary Brown (collectively, "Defendants"). As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a Lead Plaintiff to oversee the consolidated Actions, Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the Lead Plaintiff for the consolidated action "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The most adequate plaintiff is the person who has the largest financial interest in the litigation and who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

With total losses of $330,853.66, Theulen, to the best of counsels' knowledge, has the largest financial interest in the litigation of any movant. Theulen also satisfies Rule 23's typicality and adequacy requirements. Theulen's claims are typical of the Class's claims because he suffered losses on his SLW investments as a result of Defendants' fraudulent scheme and false and misleading statements. Further, Theulen has no conflict with the Class and will adequately protect the Class's interests given his significant financial stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and his selection of experienced class counsel. Accordingly, Theulen is the presumptive Lead Plaintiff.

If appointed Lead Plaintiff, Theulen is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Theulen has engaged the Faruqi Firm for this purpose. The Faruqi

Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial class action experience.

For the reasons summarized above and those explained more fully below, Theulen's motion should be granted in its entirety.

## FACTUAL BACKGROUND

SLW purports to be a precious metal streaming company which purchases the rights for silver and gold production from mines around the world. The Company is headquartered in Vancouver, British Columbia, Canada and trades on the New York Stock Exchange under the ticker symbol "SLW."

The complaints filed in the Actions allege that throughout the Class Period, Defendants made false and misleading statements of fact, as well as failed to disclose material adverse facts, concerning the Company's business, operations, and prospects. Specifically, Defendants made false and misleading statements and failed to disclose that: (1) SLW's financial statements contained errors concerning income tax owed from the income generated by its foreign subsidiaries; (2) the Company lacked adequate internal controls over its financial reporting; and (3) as a result, SLW's financial statements were materially false and misleading at all relevant times. *Masilionis*, ECF No. 1 ("*Masilionis* Complaint") at ¶¶3, 24; *Klein*, ECF No. 1 ("*Klein* Complaint") at ¶¶3, 24.

On July 6, 2015, SLW issued a press release announcing that the Canada Revenue Agency ("CRA") is proposing to reassess SLW under Canada's Income Tax Act. *Masilionis* Complaint at ¶¶4, 25; *Klein* Complaint at ¶¶4, 25. According to the press release, the CRA is taking the position that under the transfer pricing provisions of the Income Tax Act relating to income earned by foreign subsidiaries outside of Canada, SLW owes $567 million from income generated by its foreign subsidiaries for the period between 2005 and 2010. *Id.* On this news, the price of

SLW's shares fell nearly 12%, to close at $15.46 per share on July 7, 2015. *Masilionis* Complaint at ¶¶5, 26; *Klein* Complaint at ¶¶5, 26.

Through these Actions, Theulen seeks to recover for himself and absent Class members the substantial losses that were suffered as a result of Defendants' fraud.

## ARGUMENT

## I. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [ ] has been filed," the court shall not determine the most adequate plaintiff "until the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding appointment of a lead plaintiff for the consolidated action "as soon as practicable after [the consolidation] decision is rendered.").

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Yanek v. Staar Surgical Co*., No. CV 04-8007 SJO (CWx), 2004 U.S. Dist. LEXIS 30953, at *8, 10-11 (C.D. Cal. Dec. 15, 2004) (consolidating securities class actions); *McKinney v. Google, Inc.*, No. 5:10-CV-01177 EJD, 2011 U.S. Dist. LEXIS 104547, at *4 (N.D. Cal. Sept. 15, 2011) ("A district court has broad discretion to consolidate actions involving common issues of law or fact."). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See Brown v. China Integrated Energy, Inc.*, No. CV 11-02559 MMM (PLAx), 2011 U.S.

4

Dist. LEXIS 151131, at *14-16 (C.D. Cal. Aug. 29, 2011) (noting that "slight differences in class periods, parties, or damages . . . does not necessarily defeat consolidation where the essential claims and factual allegations are similar" and finding consolidation appropriate where it will conserve judicial resources and "avoid the possible inconsistent adjudication of common factual and legal issues and lessen the time and expense required for all parties"); *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions asserting claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact ***and*** law. The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by Defendants.  The Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements that artificially inflated the price of SLW's securities and subsequently damaged the Class when the price crashed as the truth emerged.  Consolidation of the Actions is therefore appropriate.  *See Woburn Ret. Sys. v. Omnivision Techs., Inc.,* No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *9-10 (N.D. Cal. Feb. 21, 2012) (consolidation is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *7 (N.D. Cal. Aug. 15, 2002) ("[C]ases should be consolidated where . . . there is more than one action on behalf of a class asserting substantially the same claim or claims.").

## II.  THEULEN SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A.  The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff

The PSLRA governs the appointment of a Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a)(1), (3). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of publication, for appointment as Lead Plaintiff.  *See Cavanaugh*, 306 F.3d at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)); *Tanne v. Autobytel, Inc*., 226 F.R.D. 659, 664 (C.D. Cal. 2005) (same).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the court is then to consider any motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members."  Thus, step two involves establishing a rebuttable presumption that the "most adequate plaintiff" is the person who (1) has filed the complaint or made a timely motion for lead plaintiff, (2) possesses the largest financial interest in the litigation, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730 (describing the PSLRA's competitive process for determining the "most adequate plaintiff"); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *8-10 (C.D. Cal. May 1, 2006).

Once it is determined who among the movants seeking appointment as Lead Plaintiff is the presumptive Lead Plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive Lead Plaintiff: "(aa) will not

fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730; *Schriver*, 2006 U.S. Dist. LEXIS 40607, at *8 (same).

### B. Under The PSLRA, Theulen Should Be Appointed Lead Plaintiff

As discussed below, Theulen should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Theulen holds the largest financial interest of any movant, and Theulen otherwise satisfies Rule 23's typicality and adequacy requirements.

### 1. Theulen Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions was required to publish notice of the complaint within twenty (20) days of its filing. Chris Masilionis filed the first of the Actions on July 8, 2015 and his counsel published notice of the lead plaintiff deadline via *Business Wire* that same day. *See* Bower Decl., Ex. A;[3] *Cunha v. Hansen Natural Corp.*, No. ED CV 08-01249-SGL(JCx), 2009 U.S. Dist. LEXIS 61086, at *5-6 (C.D. Cal. July 13, 2009) (considering publication in *Business Wire* to be sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed Lead Plaintiff within 60 days after publication of the notice (*i.e.*, on or before September 8, 2015[4]). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, Theulen's motion is timely filed.

---

[3] All Exhibits referenced herein are annexed to the Declaration of David E. Bower ("Bower Decl."), filed herewith.

[4] September 6, 2015 was the date that was 60 days after publication of the notice, but because that date was a Sunday, and the following day was Labor Day, a legal holiday, Federal Rule of Civil Procedure 6(a)(1) extended the deadline to Tuesday, September 8, 2015.

7

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Theulen timely signed and submitted the requisite certification, identifying all of his relevant transactions in SLW securities during the Class Period, and detailing his suitability to serve as Lead Plaintiff in this case. *See* Bower Decl., Ex. B. The PSLRA's procedural requirements have therefore been met.

### 2. Theulen Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit and nationwide typically look to four factors in the inquiry: (1) the number of shares purchased by the movant during the class period; (2) the number of net shares purchased by the movant during the class period; (3) the total net funds expended by the movant during the class period; and (4) the approximate losses suffered by the movant. *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *11 (N.D. Cal. Apr. 16, 2007) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 U.S. Dist. LEXIS 116925, at *5 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson*, 2007 U.S. Dist. LEXIS 28406, at *13-14 ("[C]ourts consider the fourth factor, the

approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Overall, during the Class Period, Theulen purchased 26,000 total and 15,000 net shares of SLW common stock, expended $528,955.93 in net funds and suffered losses of $330,853.66 when calculated using a last in, first out methodology. *See* Bower Decl., Ex. C. Theulen is unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. Theulen Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). When assessing a potential Lead Plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g., Cavanaugh*, 306 F.3d at 730; *Andrade v. Am. Apparel*, Inc., No. 10-06352 MMM (PJWx), 2011 U.S. Dist. LEXIS 79795, at *19 (C.D. Cal. Mar. 15, 2011) ("Some inquiry as to whether the presumptively most adequate plaintiff is adequate and has claims that are typical is nonetheless necessary under Rule 23 to determine whether there is reason to believe that he has interests at odds with the remainder of the class.").

When assessing a movant's typicality, courts in the Ninth Circuit consider whether other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct." *Woburn*, 2012 U.S. Dist. LEXIS 21590, at *17. A movant's "claim is typical if it arises from the same

event or practice or course of conduct that gives rise to the claims of other class members and . . . is based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004). That said, the Lead Plaintiff's claims need not be identical to the Class's claims to satisfy the typicality requirement. *Romero v. Growlife, Inc*., No. 14-cv-3015-CAS(JEMx), 2014 U.S. Dist. LEXIS 102875, at *9 (C.D. Cal. July 23, 2014) (Snyder, J.) ("Under Rule 23's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."); *In re Heritage Bond Litig*., No. 02-ML-1475 DT, 2004 U.S. Dist. LEXIS 15386, at *25 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

Theulen's claims are clearly typical of the Class's claims. He purchased SLW securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against Defendants under the federal securities laws. Because the factual and legal bases of Theulen's claims are similar to those of the Class's claims, Theulen necessarily satisfies the typicality requirements. *Apple v. LJ Int'l, Inc.*, No. CV 07-6076 GAF (JWJx), 2008 U.S. Dist. LEXIS 12618, at *17 (C.D. Cal. Feb. 8, 2008) (finding movant's claims typical of the class where movant purchased stock during the class period when the value was inflated due to defendants' alleged misrepresentations).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represents the Lead Plaintiff, and the Lead Plaintiff has no fundamental conflicts of

interest with the interests of the class as a whole. *See Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *9 (C.D. Cal. Mar. 2, 2012) (The adequacy "prong is satisfied where the lead plaintiff's attorneys are qualified and where its interests are not antagonistic to those of the class."); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 603 (C.D. Cal. 2009) ("The two key inquiries [of adequacy] are (1) whether there are conflicts within the class; and (2) whether plaintiffs and counsel will vigorously fulfill their duties to the class.").

As evidenced by the representations in Theulen's certification, his interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939, at *4 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff).

Theulen has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Bower Decl., Ex. D. Consequently, Theulen is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Theulen respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the consolidated Actions.

## III. THEULEN'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval.

11

Theulen has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, the Faruqi Firm possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Bower Decl., Ex. D. For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., In re L&L Energy, Inc. Sec. Litig.,* No. 13-CV-06704 (RA) (S.D.N.Y. 2015) (where the Faruqi Firm as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 11-CV-2400 (RWS) (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479 (PHX) (ROS) (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, Case No. 27 CV 06-8065 (Minn. 4th Jud. Dt. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 02-CV-5878 (FLW) (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 97-CV-5056 (RDH) (E.D.N.Y. 2005) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *In re Mitcham Indus., Inc. Sec. Litig.*, No. H-98-1244 (S.D. Tex. 2002) (where the Faruqi Firm, as co-lead counsel, secured a $3 million settlement); *Ruskin v. TIG Holdings, Inc.*, No. 98-CV-1068 (LLS) (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. CV-C-01-0483 (JLQ) (D. Nev. 2001) (where the Faruqi Firm, as co-lead counsel for the class secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., In re China Mobile Games & Entertainment Group, Ltd. Sec. Litig.*, No. 14-CV-4471 (KMW) (S.D.N.Y.) (Wood, J.) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."); *In re Geron Corp., Sec. Litig.*, No. 14-CV-1424 (CRB) (N.D. Cal.) (appointed sole lead counsel for the class); *Simmons v. Spencer, et al.*, No. 13-CV-8216 (RWS) (S.D.N.Y.) (appointed co-lead counsel for the class); *In re Longwei Petroleum Inv. Holding Ltd. Sec. Litig.*, No. 13 Civ. 214 (HB) (S.D.N.Y.) (appointed sole lead counsel for the class); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 12-CV-2796 (CRB) (N.D. Cal.) (same); and *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 12-CV-213 (MOC) (DCK) (W.D.N.C.) (where, as sole Lead Counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, No. 13-2370, 2015 U.S. App. LEXIS 4096 (4th Cir. Mar. 16, 2015)).

Accordingly, the Faruqi Firm is well qualified to represent the Class, and Theulen respectfully requests that the Court approve his selection of the Faruqi Firm as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Theulen respectfully requests that the Court (1) consolidate the Actions; (2) appoint Theulen as Lead Plaintiff for the Actions; (3) approve his selection of the Faruqi Firm as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: September 8, 2015          Respectfully submitted,

13

**MEMORANDUM OF LAW IN SUPPORT OF JACK THEULEN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 2:15-CV-05146 CAS (JEMx)**

By: /s/ *David E. Bower*
        David E. Bower

**FARUQI & FARUQI, LLP**
David E. Bower
SBN 119546
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: 424-256-2884
Facsimilie: 424-256-2885
Email: dbower@faruqilaw.com

Richard W. Gonnello (*pro hac vice* forthcoming)
Megan M. Sullivan (*pro hac vice* forthcoming)
Katherine M. Lenahan (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
369 Lexington Avenue, 10th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
E-mail: rgonnello@faruqilaw.com
       msullivan@faruqilaw.com
       klenahan@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Jack Theulen and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015 I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which sent notice of such filing to counsel of record.

By:   */s/ David E. Bower*
David E. Bower

MEMORANDUM OF LAW IN SUPPORT OF JACK THEULEN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL 2:15-CV-05146 CAS (JEMx)