UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Silver Wheaton Corp. Securities Litigation | Master File No: 2:15-cv-05146-CAS-PJWx<br>c/w: 2:15-cv-05173-CAS(PJWx)<br><br>**[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE PROCEDURES**<br><br>Hon. Christina A. Snyder |

WHEREAS (i) Plaintiffs/Class Representatives ("Plaintiffs"), on behalf of themselves and the Settlement Class, and (ii) Defendants Silver Wheaton Corp. ("Silver Wheaton"), Randy V. J. Smallwood, Peter Barnes, and Gary Brown (collectively, the "Silver Wheaton Defendants"), and Deloitte LLP (Canada) ("Deloitte") (together, "Defendants") have jointly entered, by and through their respective counsel, into a Settlement of the claims asserted in the Litigation, the terms of which are set forth in a Stipulation of Settlement, dated February 10, 2020 (the "Stipulation");

WHEREAS, the Stipulation, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in

the Consolidated Second Amended Complaint for Violations of the Securities Laws (the "Complaint") filed in the Litigation; and the Court having read and considered the Stipulation, the proposed Internet Notice of Pendency and Proposed Settlement of Class Action (the "Internet Notice"), the proposed Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), the proposed Postcard Notice of Proposed Settlement of Class Action and Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Expenses (the "Postcard Notice"), the proposed Plan of Allocation of the Net Settlement Fund Among Settlement Class Members (the "Plan of Allocation"), the proposed Proof of Claim and Release Form (the "Proof of Claim"), the proposed Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

WHEREAS, the Court has read and considered: (a) Plaintiffs' Motion for Preliminary Approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED, this ninth day of March 2020, that:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. **<u>The Settlement Class</u>:** On May 11, 2017, the Court certified a class as to the Silver Wheaton Defendants (the "Silver Wheaton Class") consisting of all persons and entities who purchased the publicly traded securities of Silver Wheaton (i) on a United States exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive, and did not sell such securities prior to July 6, 2015. Excluded from the Silver Wheaton Class are Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of such excluded persons' families and their legal representatives, heirs, successors or

assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

Because a class has not been certified in the Action against Deloitte, the Settling Parties have stipulated, for purposes of the Settlement only, to a settlement class as to Deloitte (the "Deloitte Settlement Class") consisting of all persons and entities who purchased the publicly traded securities of Silver Wheaton (i) on a United States exchange, or (ii) in a transaction in the United States, during the period from March 30, 2011 to July 6, 2015, inclusive (the "Class Period"), and did not sell such securities prior to July 6, 2015. Excluded from the Deloitte Settlement Class are Defendants, all present and former officers and directors of Silver Wheaton and any subsidiary thereof, Deloitte and all of its present and former partners, members of all such excluded persons' families and their legal representatives, heirs, successors or assigns and any entity which such excluded persons controlled or in which they have or had a controlling interest.

Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, preliminarily and for purposes of the Settlement only, the Deloitte Settlement Class. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Deloitte Settlement Class Members is so numerous that joinder of all members of the Deloitte Settlement Class is impracticable; (b) there are questions of law and fact common to the Deloitte Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Deloitte Settlement Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Deloitte Settlement Class; (e) the questions of law and fact common to the Deloitte Settlement Class predominate over any questions affecting only individual members of the Deloitte Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation.

For purposes of the Settlement only, the "Settlement Class" shall consist of both the Silver Wheaton Class and the Deloitte Settlement Class.

3. **Preliminary Approval of the Settlement:** The Court finds the Settlement is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing. Specifically, the Court finds that:

(a) Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class: Plaintiffs have been actively involved in this Litigation, including regularly communicating with counsel and sitting for depositions. Plaintiffs' Counsel have vigorously litigated this action.

(b) The Settlement was negotiated at arm's length: Plaintiffs and the Silver Wheaton Defendants, represented by experienced counsel, held two mediations before the Hon. Layn Phillips, U.S.D.J. (ret.). Deloitte, also represented by experienced counsel, participated in the second mediation as well. The Settlement was only reached after extensive litigation.

(c) The relief provided for the Settlement Class is adequate: The Settlement recovers $41.5 million for Settlement Class Members. Plaintiffs briefed three motions to dismiss, one motion for class certification, a motion for leave to amend after the deadline to file amended pleadings, three motions to compel and one appeal therefrom and two additional discovery motions filed in Canada, and filed a motion for judgment on the pleadings as to one of Defendants' affirmative defenses. Plaintiffs took or defended a total of fourteen depositions and obtained and reviewed more than 800,000 pages of documents. Through these efforts, Plaintiffs understood the Litigation's strengths, weaknesses, and settlement value, and negotiated a fair, reasonable, and adequate Settlement.

(d) The Settlement treats Settlement Class Members equitably relative to each other: the Plan of Allocation calculates each Settlement Class Member's recognized claim through a formula. The formula is based on the

Settlement Class Members' purchases and sales of publicly traded Silver Wheaton securities on a United States exchange or in domestic U.S. transactions during the Class Period. Plaintiffs will receive a distribution from the Net Settlement Fund based on the same formula that governs the recovery of every member of the Settlement Class. There is no preferential treatment of Plaintiffs or any other Settlement Class Member.

(e) Concurrent with Plaintiffs' motion for final approval of this Settlement, Plaintiffs' Counsel will make an application for attorneys' fees and reimbursement of reasonable litigation expenses. The Notice, Postcard Notice, and Summary Notice indicate that Plaintiffs' Counsel will request a fee not to exceed one-third of the Settlement Amount and reimbursement of litigation expenses not to exceed $1,600,000.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Plaintiffs' Counsel previously selected by Plaintiffs and appointed by the Court, is hereby appointed as Counsel for the Settlement Class.

5. **Settlement Hearing:** A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on August 3, 2020 at 10:00 a.m. for the following purposes:

(a) to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to finally determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered;

/ / /

(d) to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to determine whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses and an award to Plaintiffs should be approved; and

(f) to rule upon such other matters as the Court may deem appropriate.

6. The Court may adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court may enter its Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or awards to Plaintiffs.

7. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>:** Plaintiffs' Counsel is hereby authorized to retain Strategic Claims Services ("Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Final Settlement Hearing shall be given by Plaintiffs' Counsel as follows:

(a) within fourteen (14) calendar days of the date of entry of this Order, Silver Wheaton shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead

Counsel or the Claims Administrator) its reasonably available security lists (consisting of names and addresses) of the holders of Silver Wheaton securities during the Class Period;

(b) not later than twenty-one (21) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the forms attached hereto as Exhibit 4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Silver Wheaton or in the records which Silver Wheaton caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in Investor's Business Daily and to be transmitted once over the PR Newswire; and

(e) not later than seven (7) calendar days prior to the Final Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9. Plaintiffs' Counsel is authorized to disburse up to $2,000,000 for Administrative Costs (as defined in the Stipulation), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses.

/ / /

After the Effective Date, additional amounts may be disbursed for Administrative Costs, if any, with Court approval.

10. **Approval of Form and Content of Notice:** The Court (a) approves the form, substance and requirements of the Internet Notice, the Summary Notice, the Postcard Notice, and the Proof of Claim, all of which are exhibits to the Stipulation, and (b) finds that the mailing and distribution of the Postcard Notice and the publication of the Summary Notice in the manner and form set forth in paragraph 9 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Final Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Final Settlement Hearing shall be included in the Notice, the Summary Notice, and the Postcard Notice before they are published or mailed.

11. **Nominee Procedures:** Plaintiffs' Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Silver Wheaton securities during the Class Period for the benefit of another person or entity. Such nominee purchasers are directed to forward copies of the Postcard Notice to their

beneficial owners by email to all persons for whom an email address is available, and by mail otherwise, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners. Additional copies of the Postcard Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners. Record holders shall be reimbursed $0.05 per Postcard Notice emailed or mailed (plus postage) from the Settlement Fund, upon receipt by the Claims Administrator of such request and proper documentation, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

12. **Participation in the Settlement:** To be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) The Settlement Class Member must complete, execute, and submit a Proof of Claim electronically on the website set up by the Claims Administrator no later than 11:59 PM ninety-six (96) calendar days from the date of this Order. The Settlement Class Member may instead elect to manually mail a completed Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ninety-six (96) calendar days from the date of this Order, in which case the Settlement Class Member's recognized loss will be reduced by $5 or 1%, whichever is greater. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed

to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the Person(s) executing the Proof of Claim is acting in a representative capacity, such person must provide a certification of his or her current authority to act on behalf of the Settlement Class Member, electronically or otherwise; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (not more than ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

/ / /

/ / /

(d) For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

13. **Exclusion From the Settlement Class:** Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than ninety-six (96) calendar days from the date of this Order, to the following recipients: (i) *In re Silver Wheaton Corp. Sec. Litig.*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 3, Media, PA 19063, and (ii) both Plaintiffs' Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Silver Wheaton Corp. Sec. Litig.* Case No. 15-CV-5146-CAS-PJWx"; (iii) state the number of shares of Silver Wheaton securities that the person or entity requesting exclusion purchased, acquired, and/or sold on a United States exchange or in domestic U.S. transactions during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; (iv) provide adequate supporting documentation for the transactions for which the Settlement Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel and Defendants' Counsel; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless

it provides all the required information and documentation and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Persons, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Final Settlement Hearing:** Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiffs' and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than fourteen (14) calendar days prior to the Final Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Plaintiffs' Counsel.

/ / /

17. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Plaintiffs' Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than fourteen (14) calendar days prior to the Final Settlement Hearing.

PLAINTIFFS' COUNSEL:
Jonathan Horne
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

COUNSEL FOR THE SILVER WHEATON DEFENDANTS:
Gregory L. Watts
WILSON SONSINI GOODRICH & ROSATI, P.C.
701 Fifth Avenue, Suite 5100
Seattle, WA 98104

COUNSEL FOR DEFENDANT DELOITTE:
Lee G. Dunst
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

18. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection(s), and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Silver Wheaton securities that the objecting Settlement Class Member purchased, acquired, and/or sold on the New York Stock Exchange or in domestic U.S. transactions during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale; (d) must state the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; (e) must contain a statement confirming whether the Settlement Class Member or their counsel plan to appear at the Final Settlement Hearing; and (g) must state the number of times the Settlement Class Member filed an objection in the previous five years and the nature of each objection to each case in which the Settlement Class Member filed an objection in the previous five years. Objectors who enter an appearance and desire to present evidence at the Final Settlement Hearing in support of their objection(s) must include in their written objection(s) or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and reimbursement of Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of

Allocation or the requested attorneys' fees and reimbursement of Litigation Expenses in this or any other proceeding.

20. **Supporting Papers:** Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than twenty-eight (28) calendar days prior to the Final Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Final Settlement Hearing.

21. **Stay and Temporary Injunction:** Unless and until otherwise ordered by the Court, all proceedings in the Action shall be stayed other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against each and all of the Released Persons.

22. **Settlement Fund:** The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Termination of Settlement:** If the Settlement is terminated as provided in the Stipulation or is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of December 4, 2020, as provided in the Stipulation.

24. **Use of this Order:** None of this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained

therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any of Plaintiffs' allegations or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Released Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Persons or Releasing Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Settling Parties, the Released Persons, the Releasing Parties and their respective

/ / /

counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Dated: March 9, 2020

Christina A. Snyder

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE